```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF GEORGIA
                        AUGUSTA DIVISION
```

TERRY LAMAR ANTHONY,            *
                                *
    Plaintiff,                  *
                                *
        v.                      *        CV 123-095
                                *
DANIEL FARMER, REMER COBB,      *
and CHARLES COLLINS,            *
                                *
    Defendants.                 *

# ORDER

Before the Court is Defendants Remer Cobb and Charles Collins's (collectively, the "Moving Defendants") motion for partial judgment on the pleadings. (Doc. 27.) For the following reasons, the Moving Defendants' motion is **DENIED AS MOOT IN PART and GRANTED IN PART**.

## I. BACKGROUND

Plaintiff, a former inmate at Augusta State Medical Prison ("ASMP"), brings suit pursuant to 42 U.S.C. § 1983 to recover monetary damages for purported violations of his civil rights by Defendants while incarcerated. (Doc. 1, at 1, 2.) According to Plaintiff, between July 16, 2021 and July 17, 2021, Defendant Farmer withheld three meals from him. (Id. ¶¶ 12-13.) After refusing to feed Plaintiff on July 17, 2021, the Moving Defendants,

along with ASMP's Deputy Warden, conducted a walkthrough of ASMP's dormitory. (Id. ¶ 14.) During the walkthrough, Plaintiff threw water in Defendant Farmer's direction to bring attention to the fact he was being denied meals, but neither the Moving Defendants nor the Deputy Warden stopped to address him. (Id. ¶ 15.)

Thereafter, the Moving Defendants returned to Plaintiff's cell with Defendant Cobb, and Defendant Farmer told Plaintiff he wanted to settle their dispute "one on one." (Id. ¶ 17.) Defendant Collins proceeded to the control booth to open Plaintiff's cell door for Defendants Farmer and Cobb. (Id. ¶ 19.) Although Plaintiff contends Defendants had no legitimate reason to do so, Defendants Farmer and Cobb entered Plaintiff's cell and began beating him with a tactical shield and metal flashlights. (Id. ¶¶ 17-23.) As a result, Plaintiff sustained serious injuries, including a fractured right elbow and several fractured ribs. (Id. ¶ 24.)

After beating Plaintiff, Defendants left him in his cell without medical attention. (Id. ¶ 25.) Later the same evening, Defendant Farmer returned to Plaintiff's cell to give him dinner but still did not request medical attention for Plaintiff. (Id. ¶ 26.) Even though Plaintiff was visibly injured and complained of his injuries to several ASMP employees for weeks after the incident, he did not receive medical treatment until August 3,

2021. (Id. ¶¶ 27-31.) Ultimately, Plaintiff required surgery on his right arm, resulting in a six-day hospital stay. (Id. ¶ 32.)

Plaintiff filed this lawsuit on July 14, 2023, asserting four claims for damages under 42 U.S.C. § 1983: (1) violation of the Eighth Amendment against all Defendants; (2) failure to intervene in violation of the Eighth Amendment against Defendant Collins; (3) deliberate indifference to serious medical needs in violation of the Eighth Amendment against all Defendants; and (4) conspiracy to violate the Eighth Amendment against all Defendants. (Id. ¶¶ 33-66.) Plaintiff also brings a battery claim under Georgia law against Defendants Farmer and Cobb and seeks punitive damages against all Defendants. (Id. ¶¶ 67-73.) On September 18, 2023, the Moving Defendants filed a motion for partial judgment on the pleadings, and Plaintiff responded. (Docs. 27, 28.)

## II. LEGAL STANDARD

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Att'y's Off. for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted). "The legal standards applicable to

3

Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same." Marshall v. Safeco Ins. Co. of Ind., No. CV 112-113, 2013 WL 12155468, at *1 (S.D. Ga. Apr. 16, 2013) (citing Roma Outdoor Creations, Inc. v. City of Cumming, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008)). Therefore, when considering a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading[] and . . . view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted).

### III. DISCUSSION

The Court first addresses the Moving Defendants' motion as to Plaintiff's § 1983 claims then as to Plaintiff's state-law claims.

### A. Section 1983 Claims

The Moving Defendants argue, to the extent the claims are asserted against them in their official capacities, Plaintiff's § 1983 claims are barred by the Eleventh Amendment. (Doc. 27, at 1; Doc. 27-1, at 2-4.) Plaintiff argues Eleventh Amendment immunity is inapplicable because his claims are asserted against Defendants in their individual capacities only, and he "does not

seek to sue the [s]tate, any state entity, or any state employee in his official capacity." (Doc. 28, at 1-2.)

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of any Foreign State." U.S. CONST. amend. XI. Interpretations of this Amendment firmly "establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (citation and internal quotation marks omitted). Eleventh Amendment immunity "remains in effect when State officials are sued for damages in their official capacity." Kentucky v. Graham, 473 U.S. 159, 169 (1985) (citations omitted). The bar to suit remains unless a waiver of immunity or congressional override exists. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). A state official sued in his official capacity is afforded this protection because a judgment against him would "impose[] liability on the entity that he represents." Graham, 473 U.S. at 169 (citation omitted).

Plaintiff contends the Eleventh Amendment does not apply because his claims are asserted against the Moving Defendants in their individual capacities only. (Doc. 28, at 1.) As Plaintiff points out, the Moving Defendants are denominated in the complaint

5

only by their names – not their official titles – and neither the State of Georgia nor any other state entity is a Defendant. (Id. at 1-2.) Because Plaintiff does not assert claims against the Moving Defendants in their official capacities, the Eleventh Amendment does not apply. See Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their *official capacity* are immune from suit in federal court." (emphasis added) (citing Graham, 473 U.S. at 169)). Therefore, the Moving Defendants' motion is **DENIED AS MOOT** on this ground.

**B. State-Law Claims**

Next, the Moving Defendants argue Plaintiff's state-law claims are barred by the Georgia Tort Claims Act ("GTCA"), O.C.G.A. §§ 50-21-20 to 50-21-37. (Doc. 27, at 1; Doc. 27-1, at 4-9.) O.C.G.A. § 50-21-25(a) provides "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." The Moving Defendants claim they are entitled to immunity from Plaintiff's battery claim under this provision because, "[b]y the allegations in the complaint[, the Moving] Defendants are state officers who at all relevant times were acting within the course and scope of their official state duties and employment." (Doc. 27-1, at 6.) Plaintiff does not dispute the Moving Defendants acted within the scope of their official duties

6

or employment. (See Doc. 28.) Indeed, as to his battery claim, Plaintiff concedes the Moving Defendants "are shielded from individual liability under O.C.G.A. § 50-21-25(a)." (Id. at 2.) Because the Moving Defendants undisputedly acted within the scope of their official duties or employment, the Court finds they are not subject to suit under O.C.G.A. § 50-21-25(a). Accordingly, the Moving Defendants' motion is **GRANTED** as to Plaintiff's state-law battery claim.

The Moving Defendants also argue Plaintiff's punitive damages claim fails, to the extent such damages are sought under Georgia law, because the GTCA does not allow recovery of punitive damages. (Doc. 27, at 1; Doc. 27-1, at 8.) Plaintiff's response is silent on this issue, arguably waiving any opposition to the Moving Defendants' argument. (See Doc. 28); see also Zarate v. U.S. Att'y Gen., 307 F. App'x 289, 290 (11th Cir. 2009) ("A party . . . waives an issue by failing to make any substantive arguments with respect to that issue." (citing Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989))). Nevertheless, the Court finds the Moving Defendants' argument meritorious. See Giummo v. Olsen, 701 F. App'x 922, 925 (11th Cir. 2017) (reversing the district court's decision granting motion to dismiss solely due to the plaintiff's failure to respond and requiring the court to consider the sufficiency of the complaint's allegations and provide a reason why the complaint failed to state a claim). The

7

GTCA is the sole remedy for torts committed by a state officer or employee, and the GTCA provides that "[n]o award for damages under this article shall include punitive or exemplary damages." O.C.G.A. §§ 50-21-25(a), 50-21-30. As a result, the Moving Defendants' motion is **GRANTED** as to Plaintiff's claim for punitive damages under state law.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants Remer Cobb and Charles Collins's motion for partial judgment on the pleadings (Doc. 27) is **DENIED AS MOOT IN PART and GRANTED IN PART.**

**ORDER ENTERED** at Augusta, Georgia, this 14th day of May, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA